IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARNIA PHILLIPS, Plaintiff, v. CITY OF CHICAGO, et al., Defendants. | Case No. 18-cv-0316 Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharnia Phillips brings this action under 42 U.S.C. § 1983 against the City of Chicago and 37 Chicago police officers following a raid of her home in January 2017. Defendants Colin O'Shea, John Ormond, Paul Amelio, Orlando Sanchez, William Murphy, Matthew Lockitski, Richard Coyle, Patrick Quinn, Ramon Flores, Nicholas Linker, Michael Pantano, Brian Bardsley, John Hroma, Joseph Bird, Eduardo Vasquez, Elvis Turcinovic, Scott Berry, Officer Molina and Michael Nowacki move for summary judgment ("Movants"). For the reasons stated below, Movants' motion for summary judgment [102] is granted in part and denied in part.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

1

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 250 (internal quotations omitted).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (internal citation and quotations omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (*citing Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*. (citation omitted).

## BACKGROUND

Phillips filed her original complaint on January 16, 2018. (MSOF ¶1).[1] In her complaint she alleges her home was searched on January 16, 2017 while she was

---

[1] Movants' Local Rule 56.1 Statement of Facts is abbreviated as "MSOF" (Dkt. 102-1). Phillips responded and filed a Statement of Additional Facts ("PSOF") at Dkt. 108-1. Movants responded to Phillips' Statement of Additional Facts at Dkt. 114-1.

there and she was detained by police during that search. (*Id*. ¶2). Phillips originally named only the City of Chicago, Anthony Cutrone and other "Unknown Defendants and/or Co-Conspirators" as defendants. (*Id*. ¶3). She filed her first amended complaint on August 6, 2018, naming 17 individuals (none of the Movants here) and "Unknown Defendants and/or Co- Conspirators." (*Id*. ¶¶11-12).[2] On October 8, 2018, the City emailed Phillips the SWAT Team Report ("SWAT Report"). (*Id*. ¶14). The SWAT Report included, for the first time, the names of 20 SWAT team members that participated in the raid on Phillips' house. (PSOF ¶33).

In December 2019, Phillips moved to amend her complaint to name Movants as defendants; that motion was granted and on February 27, 2020 she filed her second amended complaint. (MSOF ¶¶15-16). In that complaint, Phillips sued Movants for false arrest, excessive force, state law false imprisonment, malicious prosecution, intentional infliction of emotional distress, assault, and battery. (*Id*. ¶17).

## ANALYSIS

Movants argue that Phillips filed her original complaint on January 16, 2018, within the limitation period for all of her claims, but named only Anthony Cutrone and the City of Chicago as defendants. She did not name the Movants as defendants until she filed her second amended complaint on February 27, 2020 (after seeking leave to amend). By then, Movants contend, the statute of limitations for all of her claims had expired. Phillips responds that her claims are timely based on the

---

[2] For clarity and consistent with Movants' naming, 19 defendants who moved for summary judgment in the present motion are the "Movants." The 18 defendants who moved to dismiss are the "Defendants."

3

discovery rule, the relation-back doctrine, equitable estoppel and equitable tolling. The Court agrees that the relation-back doctrine applies, making Phillips' claims against Movants timely.[3]

## I. Relation Back

Phillips argues that her naming Movants as defendants in February 2020 relates back to her first amended complaint filed August 6, 2018 because the first amended complaint contained a mistake about the names of the officers responsible for her injuries. Under Federal Rule of Civil Procedure 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when:

> the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence…in the original pleading…the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment…received such notice of the action that it will not be prejudiced in defending on the merits; and…knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Following the U.S. Supreme Court decision in *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) addressing Rule 15(c)(1), the Seventh Circuit explained:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

---

[3] The Court therefore does not address the parties' arguments about the discovery rule, equitable estoppel or equitable tolling.

4

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011). Here, the record demonstrates that the answer to the first question is yes and the answer to the second is no. Therefore Movants are proper defendants. *See id*. at 558 ("A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations.").

### A. What Movants Knew or Should Have Known

In May 2018, the City disclosed in its sworn MIDP answers the names of police officers with "discoverable information". (MSOF ¶¶9-10; Dkt. 102-4, Exh. 3). The officers identified were the "Warrant Team."[4] Based on that information, on August 6, 2018, Phillips filed her first amended complaint naming those defendants. (Dkt. 26). However in September 2019, when the Warrant Team answered interrogatories, each of those defendants stated that "he was not personally involved in the execution of the warrant at 1408 W. 71st Street, Chicago, Illinois on January 16, 2017." (PSOF ¶41, Dkt. 114-1 ¶41). The SWAT Report, containing the SWAT Team member names, was produced to Phillips in October 2018, but "was created on or before January 29, 2017 and was in the possession of the City of Chicago throughout the pendency

---

[4] The "Warrant Team" are the 18 defendants who separately moved to dismiss. The "SWAT Team" are the 19 Movants who moved for summary judgment here.

5

of litigation." (PSOF ¶¶ 33, 36; Dkt. 114-1 at ¶ 36).[5] As a result, Phillips argues, the Movants knew or should have known on August 6, 2018 when she filed her first amended complaint that they were subjects of her claims.

The parties dispute whether Phillips made a "mistake" warranting application of the relation-back doctrine. Movants argue that Phillips is simply substituting them in for "Unknown Defendants" and therefore the "John Doe" rule applies. Under that rule, a plaintiff naming an unknown defendant as "John Doe" was not a mistake, and replacing "John Doe" with a named defendant did not relate back to the original complaint. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). As Movants observe, the Seventh Circuit has not yet specifically addressed whether the relation-back doctrine alters the "John Doe" rule since *Krupski*. (Dkt. 114 at 4). *See Headrick v. Wise*, 2021 WL 462203, at *5 (S.D. Ill. Feb. 9, 2021) ("In the Seventh Circuit, whether *Krupski* alters the 'John Doe rule' [] remains an open question."). Since *Krupski,* district courts in this Circuit have reached different conclusions on the issue. *See Haroon v. Talbott*, 2017 WL 4280980, at *6 (N.D. Ill. Sept. 27, 2017) (collecting cases).

What is clear is that the focus of the analysis now is on defendants' knowledge. *Joseph*, 638 F.3d at 559–60; *Clair v. Cook Cty., Illinois*, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) ("Under *Krupski* and *Joseph*, [] the court must limit its inquiry

---

[5] Two of Movants' responses to Phillips' additional statements of fact state that Movants agree "on information and belief". (Dkt. 114-1, ¶¶ 33, 36). This response does not comply with LR 56.1(e) requiring a party to admit, dispute, or admit in part and dispute in part an asserted fact, and in the case of dispute, cite to evidentiary material that controverts the fact. Phillips' additional statements in ¶¶ 33, 36 are deemed admitted. *See McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir. 1998).

under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known.").

Movants do not dispute that the claims against them arise "out of the conduct, transaction, or occurrence" in the first amended complaint. Fed.R.Civ.Pro. 15(c)(1)(B). Movants do not dispute that they had the SWAT Report, containing the SWAT Team officer names, in their possession since the beginning of this litigation. (PSOF ¶ 36). They also do not dispute that they did not disclose Movants' names in their May 2018 MIDP Responses; that they did not provide Phillips with the SWAT Report until October 2018; and that it was not until September 2019 that the Warrant Team members denied involvement in the events that allegedly caused Phillips' injuries. (MSOF ¶ 10, PSOF ¶¶14, 41).

Movants therefore knew or should have known at the time Phillips filed her first amended complaint that she would have sued them "instead or in addition to suing the named defendant." *Joseph*, 638 F.3d at 559–60. *See also Moore v. Cuomo*, 2018 WL 4095101, at *8 (N.D. Ill. Aug. 28, 2018) ("Defendants knew or should have known from the original complaint that they were the intended defendants"); *Bilik v. Hardy*, 2019 WL 4735394, at *4 (N.D. Ill. Sept. 27, 2019) (concluding "that 'the traditional John Doe rule should not be applied to prevent relation back if a plaintiff seeks to determine the identity of the John Doe defendant[s] before the statute of limitations expires but is unable to do so.'") (citation omitted); *Haroon*, 2017 WL 4280980, at *7 (the "defendant-focused analysis applies whether the plaintiff sues the wrong

7

defendant because of a misunderstanding or sues a fictitious defendant because of a lack of knowledge.").

The facts here show that Phillips made a "mistake" for purposes of Rule 15(c)—naming the Warrant Team only in her first amended complaint because at that time, those were the only officer names she had been provided by defendants, the Warrant Team had not yet disavowed personal involvement in the execution of the search warrant, and the City had not yet produced the SWAT Report. The Supreme Court in *Krupski* relied on dictionary definitions to define "mistake" to include an "error, misconception, or misunderstanding," and also "inadequate knowledge." 560 U.S. 548-49. As the Court explained, "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.* at 549.

This is not a case where a plaintiff knew that specific defendants existed and their roles in the conduct, simply called them "unknown officers", and did nothing to discover their identities, or where plaintiff made a deliberate decision to name one defendant and not the other. *Cf. Haroon*, 2017 WL 4280980, at *9 (plaintiff's litigation strategy, combined with his pleading scheme, made it reasonable for newly-named defendant to believe that, although he was involved in the suit as a witness, plaintiff made a deliberate choice to name employer instead of employee).

8

In light of the defendant-focused analysis under *Krupski* and the particular undisputed facts in this case, the Court finds that Phillips' claims against Movants relate back to her August 2018 amended complaint.

### B. Prejudice

Phillips also argues that Movants will not suffer prejudice from having to defend against her claims. (Dkt. 108 at 11). The same attorneys are representing the SWAT Team and Warrant Team, none of the Movants have been deposed, the Warrant Team defendants did not answer discovery until September 2019, and Phillips has always alleged the same, single course of conduct against the individual police officers. (*Id.*) Movants do not argue that they will face any prejudice. *See Cheatham v. City of Chicago*, 2016 WL 6217091, at *3 (N.D. Ill. Oct. 25, 2016) (applying relation-back where officer did not argue that she was unaware of plaintiff's complaint within the prescribed time and did not argue she would be impaired from defending herself).[6]

Still Movants argue that if the Court finds that relation-back applies, a question of material fact would exist as to whether they knew about the lawsuit prior to November 6, 2018 and they may need discovery to answer that question. However, it is undisputed that the SWAT Report was created on or before January 29, 2017, was in the possession of the City throughout this litigation and that the City

---

[6] There was a delay between October 2018 when Phillips received the SWAT Report and December 2019 when she moved to add the SWAT Team defendants. However this delay does not factor into the Court's analysis. As one court explained, "[t]o the extent Plaintiff's diligence in filing his complaint is at issue, the *Krupski* Court made clear that '[t]he Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them.'" *Moore*, 2018 WL 4095101, at *8 (quoting *Krupski,* 560 U.S. at 553).

9

produced the SWAT Report to Phillips on October 9, 2018. These undisputed facts show that Movants had, at the least, constructive notice of the lawsuit before November 6, 2018. *See Krupski,* 560 U.S. at 545 (lower court found defendant had "constructive notice of the action and had not shown that any unfair prejudice would result from relation back"); *Manskey v. Wiggs*, 2020 WL 6701186, at *8-9 (S.D. Ill. Nov. 13, 2020); *White v. City of Chicago*, 2016 WL 4270152, at *13 (N.D. Ill. Aug. 15, 2016) ("Where the defendant has received adequate notice and therefore the policy behind the statute of limitations is not implicated, the Court must construe Rule 15(c) liberally…to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems) (cleaned up).

## II.  State Law Claims

Movants argue that Phillips failed to respond their motion regarding the timeliness of her state law claims. The Court agrees. Phillips' state law claims have a one-year statute of limitations. 745 ILCS 10/8-101(a). Her August 2018 first amended complaint was not filed within the one-year statute of limitations. And she does not argue that her February 2020 second amended complaint relates back to her original January 2018 complaint. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("The obligation to raise the relevant arguments rests squarely with the parties…If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (cleaned up); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

## CONCLUSION

For the stated reasons, Movants' motion for summary judgment [102] is granted in part and denied in part. Counts I-III survive, and Count V is dismissed with prejudice against Movants. In light of this opinion and the concurrently-entered opinion on the motion to dismiss, the following claims remain against the following defendants:

| TAC Count | Defendant(s) |
|---|---|
| Count I – False Arrest #1 | Officers Cutrone, O'Shea, Ormond, Amelio, Sanchez, Murphy, Lockitski, Coyle, Quinn, Flores, Linker, Pantano, Bardsley, Hroma, Bird, Vasquez, Turcinovic, Berry, Molina and Nowacki |
| Count II – False Arrest #2 | Officer Cutrone, O'Shea, Ormond, Amelio, Sanchez, Murphy, Lockitski, Coyle, Quinn, Flores, Linker, Pantano, Bardsley, Hroma, Bird, Vasquez, Turcinovic, Berry, Molina and Nowacki |
| Count III – Excessive Force Under 4th Amendment | Officer Cutrone, Cavanaugh, Pedregosa, Foy, Waterstraat, Barona, Garcia, Cumming, Hyma, Miller, Lucki, Wolf, Curran, Huels, Demas, Darlin, Thompson, Conroy, O'Shea, Ormond, Amelio, Sanchez, Murphy, Lockitski, Coyle, Quinn, Flores, Linker, Pantano, Bardsley, Hroma, Bird, Vasquez, Turcinovic, Berry, Molina and Nowacki |
| Count IV – City of Chicago | City of Chicago |
| Count V – State Law Torts | IIED against Officer Cutrone only |

E N T E R:

Dated: April 26, 2021

*Mary M Rowland*

_____
MARY M. ROWLAND
United States District Judge

11